# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.,** | : | No. 3:10cv1126 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **R.M. DELEVAN, INC.,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court is plaintiff/counterclaim-defendant CSX Transportation's motion to dismiss Defendant R.M. Delevan's counterclaim. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of business dealings between Plaintiff CSX Transportation ("CSX") and Defendant R.M. Delevan ("Delevan"). Plaintiff alleges that on April 4, 2008, CSX moved freight via interstate rail for Delevan. (Complaint (hereinafter "Complt.") (Doc. 1) at ¶ 7). CSX presented Delevan with a bill of $20,453.40 for these services. (Id. at ¶ 8). Delevan has never paid these charges. (Id. at ¶ 10).

On May 25, 2010, CSX filed a complaint in this court pursuant to 49 U.S.C. § 11101, et seq., which relates to the transportation of freight by rail. Plaintiff seeks damages in the amount of the unpaid bill. On June 23, 2010, defendant filed an

answer to the complaint. (See Doc. 5). Defendant also filed a counterclaim, which concerns a contract between the parties for delivery of locomotives. Delevan alleges that the parties contracted to have CSX deliver six locomotives to Delevan's yard in Utica, New York. (Id. at ¶ 1). While these locomotives were sitting in CSX's rail yard in Syracuse, New York, CSX allowed contacts and other items valued at $18,000 to be removed from the locomotives. (Id. at ¶ 2). Delevan alleges that this conduct amounted to a breach of contract and negligence by CSX. The counterclaim seeks damages of $36,000 for this conduct.

On July 14, 2010 CSX filed a motion to dismiss Delevan's counterclaims. (Doc. 7). CSX argues that those claims are preempted by federal law, the Carmak Amendment, 49 U.S.C. § 11706. The parties then briefed the issue, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings this claim pursuant to the 49 U.S.C. § 11101, et seq. This court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over defendant's state law counterclaims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article

II of the United States Constitution.").

**Legal Standard**

Plaintiff/counterclaim defendant seeks to dismiss portions of the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a standard which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the

3

speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id.

**Discussion**.

CSX seeks dismissal of Delevan's breach-of-contract and negligence counterclaims. CSX argues that those claims are preempted by the Carmack Amendment, which establishes liability for loss or injury to property shipped on interstate rail lines. See 49 U.S.C. § 11706(a). Delevan argues that the Carmack Amendment does not apply to these claims, which are not about the shipping of goods in interstate commerce, but about the delivery of two locomotives for repair. Even if the Amendment applies, defendant insists that the state-law claims should be read to include a claim under the Carmack Amendment.

The United States Supreme Court has concluded that "[w]ith the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss." New York, N.H. & H.R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953). The Carmack Amendment "covers 'all losses resulting from any failure to discharge a carrier's duty

4

as to any part of the agreed transaction.'" Lewis v. Atlas Van Lines, Inc., 542 F.3d 403, 408 (3d Cir. 2008) (quoting Moffit v. Bekins Van Lines Co., 6 F.3d 305, 306 (5th Cir. 1993)). In Lewis, the Circuit Court noted that plaintiff's counsel at oral argument had "correctly conceded that the Amendment prempt[ed] [plaintiffs'] state law claims" for negligence and breach of contract against the defendant carrier. Id. at 407.

The court agrees with CSX that the Carmack Amendment preempts Delevan's state-law counterclaims. The dispute between the parties is about the condition of goods delivered in interstate commerce. CSX allegedly in breach of the contract between the parties and negligently allowed parts to be removed from the locomotives before delivering them to Delevan, meaning that CSX did not deliver the goods promised. Delevan thus suffered a loss from CSX's "failure to discharge" a duty that was "part of the agreed transaction" between the parties. Lewis, 542 F.3d at 408. The Carmack Amendment applies, and Delevan's state-law claims are preempted.

As an alternative to dismissal, Delevan argues that the court should treat the state-law claims as if they had been pled under the Carmack Amendment. Delevan cites to Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24 (1983) to argue that "if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." 463 U.S. at 24. Since this case "arises under" federal law, Delevan argues, the court should treat the matter as if brought

5

under the Carmack Amendment and deny the motion to dismiss. The court disagrees. Franchise Tax Board did not address whether a plaintiff could file a claim in federal court under state law and have the court treat that claim as if it were a federal one, but instead addressed whether a defendant could remove a purely state-law claim using the "arising under" provision of 28 U.S.C. § 1441 (establishing as removable "[a]ny civil action of which the district courts have original jurisdiction on a claim or right arising under the Constitution, treaties or laws of the United States" regardless of parties' citizenship). Citing Avco Corp. v. Aero Lodge No. 735, 376 F. 2d 337, 340 (6th Cir. 1967) (affirmed, 390 U.S. 557 (1968)), the court emphasized that a defendant could remove a claim brought in state court when that claim was completely preempted by federal law. See also, Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 7 (2003). Here, therefore, CSX could remove defendant's counterclaim as arising under federal law because Delevan cannot bring a state-law claim on these matters. CSX does not, however, seek to remove the state-law claims, but dismiss them as preempted. Dismissal is different than removal, and treating the claim as a federal one under these circumstances would be inappropriate. Instead, the court will dismiss the counterclaim without prejudice to Delevan filing them under the Carmack Amendment.[1]

---

[1] Delevan cites to Justice Scalia's dissent in Anderson to argue that the court is authorized to perform "jurisdictional alchemy" and transform the pre-empted state-law claims into a Carmack Amendment action. Anderson, 539 U.S. 14. Justice Scalia apparently would not agree with that view: He wrote in Anderson that "[t]he proper response to the presentation of a nonexistent claim to a state court is *dismissal*, not the

6

**Conclusion**

For the reasons stated above, the court will dismiss counterclaim-plaintiff Delevan's counterclaims without prejudice. An appropriate order follows.

---

"federalize-and-remove" dance authorized by today's opinion. Id. at 18 (emphasis in original). The question here is not jurisdiction, but preemption, and Delevan's claims are preempted by federal law.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CSX TRANSPORTATION, INC.,** : | No. 3:10cv1126 |
| **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| **R.M. DELEVAN, INC.,** : | |
| **Defendant** : | |

## ORDER

**AND NOW**, to wit, this 28th day of October 2010, plaintiff's motion to dismiss the defendant's amended counterclaim (Doc. 8) is hereby **GRANTED** without prejudice to Counterclaim Plaintiff R.M. Delevan, Inc. re-pleading the claim pursuant to the Carmack Amendment, 49 U.S.C. § 11706.

                                                **BY THE COURT:**

                                                **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT**